13438

TOWNSEND, REC'R, v. SOUTH CAROLINA INS. CO. *ET AL.*

(167 S. E., 5)

311

*Messrs. F. D. Townsend* and *T. H. Moffatt,* for appellant,

*Messrs. Melton* and *Belser,* for respondent,

June 29, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

It is the duty of this Court, and one which it strives faithfully to perform, to give earnest attention to every case which is submitted to it for determination. This present case possesses such unusual features, and has been presented so zealously and ably, as to demand the special attention of the Court. This it has had.

· The history of the case has been clearly and succinctly stated in the decree of Judge Grimball, who heard the case on Circuit—which decree will be reported—that it would be an idle gesture to repeat it, and useless to write a long opinion in the case. One or two matters it may be proper to advert to.

 This action is prosecuted upon the theory that plaintiff is entitled to recover directly under the provisions of the Treaty of Berlin (42 Stat., 1939), for losses which it alleges it suffered under the contract of reinsurance which it had with South Carolina Insurance Company, which in turn had reinsured risks of Globe & Rutgers Fire Insurance Company, to whom Germany had made an award for losses caused by Germany during the period of the war; the award being based upon losses which Globe & Rutgers had paid for vessels insured by it, and which had been destroyed by Germany. Gulf & Atlantic claims as a reinsurer. We are unable to appreciate the contention that it can sustain such claim independently of its contract with South Carolina Insurance Company.

That question presents the question of its relation to that

contract. Has it repudiated the claims it had, or might have had, under it?

If it should be held that it was error to permit Mr. ■ Edwin G. Seibels, president of the South Carolina Insurance Company, to testify to his negotiations with Mr. J. E. McDavid, president of the Gulf & Atlantic Insurance Company, leading up to the compromise and release of February 16, 1921, and as to what was intended to be included therein, there remains in the record sufficient evidence to show that both parties to that transaction understood that the contract was at an end. It is in evidence that, after the signing of the release, South Carolina Insurance Company made no further reports of losses to Gulf & Atlantic, and did not call on it to pay any such losses, nor did Gulf & Atlantic demand any share of premiums which might be due. All relations between the companies ceased. In February, 1917, the Gulf & Atlantic had requested to be relieved of its obligations under the contract as soon as possible. September, 1917, Gulf & Atlantic returned to the South Carolina Company $5,777.94, which the South Carolina had paid it as its share of premiums earned, and refused to pay its share of the losses then due. In its answer in the admiralty suit it admitted its refusal to pay such claims, and alleged that the $5,777.94 had been received by South Carolina Insurance Company with the understanding that the contract would be canceled. It further alleged in that answer that the contract was *ultra vires,* and denied all liability under it.

There was ample evidence to sustain the finding and ■ conclusion of the Circuit Judge that the parties, when the release of February 16, 1921, was signed, considered the contract was at an end; and this independently of the testimony of Mr. Seibels. The South Carolina Insurance Company was compelled for its own protection to assume the obligations which the Gulf & Atlantic Insurance Company had repudiated and failed to perform.

It would be inequitable to permit it to come in now under the ægis of the repudiated contract and participate in the recoveries awarded Globe and Rutgers under the provisions of the Treaty of Berlin.

The Circuit Judge has reached a correct conclusion.

The appeal is dismissed, and the decree appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.